UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RENEE CARRAWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-469 CEJ |
| ) | |
| PATRICIA CORNELL, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Renee Carrawell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.   Background**

Petitioner is presently incarcerated at the Women's Eastern Reception and Diagnostic Center in Vandalia, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. See Respondent's Exhibit A at 63. On March 25, 2002, petitioner pled guilty to second degree murder and was sentenced to a term of life imprisonment with the Missouri Department of Corrections. See id.

On June 19, 2002, petitioner, proceeding *pro se*, filed a motion to vacate, set aside, or correct the judgment of the Circuit Court of St. Louis County, Missouri, pursuant to Missouri Supreme Court Rule 24.035. See id. at 3-8. On October 8, 2002, after appointment of counsel, petitioner filed an amended Rule 24.035 motion and a request for an evidentiary hearing. See id. at 15-22. Petitioner argued that her guilty plea was involuntary

-1-

because defense counsel coerced her into pleading guilty by informing her that the range of punishment for murder in the first degree was either life without the possibility of parole or death. See id. On February 18, 2003, the motion court denied petitioner's motion for post-conviction relief in all respects without an evidentiary hearing. See id. at 35-43. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 45-49.

In her appeal from the denial of post-conviction relief, petitioner argued that the motion court erred in denying her claim without issuing sufficient findings of facts and conclusions of law and that the motion court erred in denying her claim without an evidentiary hearing because the record was not sufficient to refute her claim that she did not understand the range of punishment for first and second degree murder. See Resp. Ex. B. On November 4, 2003, the Missouri Court of Appeals for the Eastern District affirmed the judgment of the motion court. See Resp. Ex. D.

On April 21, 2004, petitioner, proceeding *pro se*, filed the instant petition for a writ of habeas corpus, raising the following grounds for relief: (1) her guilty plea was involuntary because she was "illiterate to the legal system's choices;" (2) she received ineffective assistance of counsel because trial counsel threatened her with the death penalty and failed to inform her of her constitutional rights and the advantages of a jury trial; and (3) she was denied the right to confront witnesses.

(Doc. No. 1). On September 17, 2004, respondent filed a Response to Order to Show Cause, arguing that petitioner has procedurally defaulted most of her claims, and that petitioner's claims fail on their merits. (Doc. No. 8).

**II. Discussion**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state

court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

### A. **Petitioner's Claims**

Petitioner raises three grounds for relief.

### 1. **Ground One: Involuntary Guilty Plea**

In her first ground for relief, petitioner argues that her guilty plea was involuntary because she was "illiterate to the legal system's choices," and was led to believe that pleading guilty was her "only advantagable [sic] choice." Respondent contends that this claim is procedurally defaulted and that it fails on the merits.

The procedural default rule requires that a habeas petitioner pursue all available avenues for relief in the state courts before the federal courts can consider a claim. 28 U.S.C. § 2254(d); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). Failure to preserve a claim on the appeal of a state court ruling raises a procedural bar to pursuing that claim in federal court. Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). In deciding whether

there has been procedural default, a federal court must give deference to the state courts and should place great importance on state procedural rules. Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994), quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980).

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both cause and actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 433 U.S. 72, 87 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. Id. If a petitioner cannot show cause for the procedural default, then the court need not determine whether actual prejudice has resulted. Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987).

Petitioner failed to raise the claim that her guilty plea was involuntary on appeal from the denial of her post-conviction relief motion. As such, petitioner has procedurally defaulted

-5-

this claim. Further, petitioner has not shown cause to excuse the default.

Even if petitioner's claim were not procedurally defaulted, or if petitioner alleged sufficient cause to excuse the default, her claim fails on the merits as well. As a general rule, "a defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Weisberg v. Minnesota, 29 F.3d 1271, 1279 (8th Cir. 1994). To be valid, a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Wilkins v. Bowersox, 145 F.3d 1006, 1015 (8th Cir. 1998), quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). See also United States v. Dalman, 994 F.2d 537, 538 (8th Cir. 1993), quoting Gregory v. Solem, 774 F.2d 309, 314 (8th Cir. 1985) ("'[T]he standard for a valid guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'") Because a defendant waives a number of constitutional rights upon a guilty plea, it must be made knowingly and voluntarily, and with an awareness of the circumstances and likely consequences of the plea. George v. Black, 732 F.2d 108, 110 (8th Cir. 1984). An accused need only be informed of the direct consequences of his plea, not the indirect or collateral consequences. See id.

In the instant case, the motion court found that the record contradicted her claim that her guilty plea was involuntary. See

Resp. Ex. A at 42. The record reveals that the following colloquy took place in open court at the guilty plea hearing:

> THE COURT: And the record will reflect that the State has filed the information in lieu of indictment charging the amended offense of Murder in the Second Degree, a Class A Felony. Is there any announcement on behalf of the defendant at this time?
>
> [DEFENSE COUNSEL]: Yes, your Honor, pursuant to negotiations with the State of Missouri, my client has authorized me to withdraw her former plea of not guilty and enter a plea of guilty to the amended charge of Murder in the Second Degree.
>
> THE COURT: [Petitioner], you have heard your attorney's announcement that you want to withdraw your former plea of not guilty and enter a plea of guilty here today to the charge of Murder in the Second Degree, a Class A Felony. Is that, in fact, what you want to do?
>
> [PETITIONER]: Yes.
>
> THE COURT: I'm going to be asking you a series of questions. If you don't understand anything I say, I want you to stop me and ask me to repeat or explain it to you, or you can ask for time to talk to your attorney. But I want to make sure that you understand exactly what you are doing here today, okay?
>
> ***
>
> THE COURT: Now do you understand, ma'am, that this charge of Murder in the Second Degree is a Class A Felony. The range of punishment for a Class A Felony is from 10 to 30 years or life; do you understand that?
>
> [PETITIONER]: Yes.
>
> THE COURT: What's the State's recommendation in this case?
>
> [PROSECUTOR]: Your Honor, the State's recommendation is that the defendant serve a term of imprisonment of life.

THE COURT: And [petitioner], is that your understanding of the State's recommendation?

[PETITIONER]: Yes.

THE COURT: Just so the record is clear, do you understand that previously you had been charged with Murder in the First Degree, and the range of punishment for Murder in the First Degree is life without parole, or the death penalty; do you understand that?

[PETITIONER]: Yes.

THE COURT: So that the plea agreement is that you get a life sentence on the amended charge of Murder in the Second Degree; is that correct?

[PETITIONER]: Uh-huh.

THE COURT: Okay, now have you had enough time to talk to your attorney about the case?

[PETITIONER]: Yes.

THE COURT: Has she answered all of your questions?

[PETITIONER]: Yes.

THE COURT: Do you believe you have been fully advised as to all aspects of your case, including your legal rights, and the possible consequences of your plea of guilty here today?

[PETITIONER]: Yes.

THE COURT: Do you understand, ma'am, that if you didn't enter a plea of guilty here today, you would be entitled to a trial by jury made up of 12 persons, all of whom would have to agree as to your guilt before you could be found guilty; do you understand that?

[PETITIONER]: Yes.

THE COURT: Do you understand that you would be entitled to the services of your lawyer throughout that

trial, and the jury would be instructed that you are presumed to be innocent, and the State has the burden of proving you guilty beyond a reasonable doubt; do you understand that?

    [PETITIONER]: Yes.

    THE COURT: Do you understand that the State would be required to produce in open court all of its witnesses against you, and you and your attorney would have the right to cross-examine those witnesses, and that you could present evidence and witnesses on your behalf, and that if you asked, that the Court would issue subpoenas for witnesses to come in here for you; do you understand that?

    [PETITIONER]: Yeah.

    THE COURT: Do you understand that you would have the right to testify or not testify, as you chose, and if you chose not to testify, neither the Court nor the prosecutor could comment on your refusal to testify; do you understand that?

    [PETITIONER]: Yes.

    THE COURT: Do you understand that if you were found guilty by the jury, and you disagreed with that verdict, that you would have the right to an appeal; do you understand that?

    [PETITIONER]: Yes.

    THE COURT: Do you understand that by entering a plea of guilty here today, you are giving up all of those rights, there won't be a trial, and you won't have any right to an appeal; do you understand that?

    [PETITIONER]: Yes.

    THE COURT: Knowing that, do you still want to go forward and enter a plea of guilty here today?

    [PETITIONER]: Yes.

Resp. Ex. A at 67-73.

Based on the colloquy set forth above, it is clear that petitioner's guilty plea was voluntary. Pursuant to a plea agreement with the State, petitioner agreed to plead guilty to second degree murder, instead of first degree murder, and it was agreed that she would be sentenced to life imprisonment. The trial court explained to petitioner the range of punishment for both first degree murder and second degree murder. The trial court apprised petitioner of her right to a trial by jury, her right to present and confront witnesses, and her right to appeal. Petitioner agreed to stop the court at any time if she did not understand the proceedings. Petitioner indicated that she understood all of her rights and wished to plead guilty to second degree murder. The trial court then sentenced petitioner pursuant to the terms of the plea agreement. Accordingly, petitioner's first ground for relief will be denied.

### 2. Ground Two: Ineffective Assistance of Counsel

In her second ground for relief, petitioner argues that she received ineffective assistance of counsel because trial counsel coerced her to plead guilty by informing her that the range of punishment for the first degree murder charge was either life without the possibility of parole or death. Petitioner also contends that trial counsel failed to inform her of her constitutional rights and the advantages of a jury trial. Respondent argues that the second aspect of petitioner's ground for relief is procedurally defaulted and both parts of her ground for relief fail on the merits.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that her attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that she was prejudiced by her attorney's action or inaction. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. at 694. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. Id. The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present. See id. at 693, 104 S.Ct. at 2067. A habeas petitioner "must overcome the strong presumption that in the circumstances of his case 'the challenged action might be considered sound trial strategy.'" Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995), quoting Strickland, 466 U.S. at 689.

In her post-conviction relief motion, petitioner argued that she received ineffective assistance of counsel because trial counsel informed her that the range of punishment for murder in the first degree was either life without the possibility of parole or death. See Resp. Ex. A at 16-18. The motion court rejected this claim, finding that trial counsel did not misinform petitioner of

-11-

the range of punishment. The Missouri Court of Appeals affirmed the decision of the motion court. See Resp. Ex. D.

Trial counsel did not err in informing petitioner of the possibility of capital punishment. Trial counsel properly instructed petitioner that the range of punishment for first degree murder was either life without the possibility of parole or the death penalty. Counsel did not provide ineffective assistance in correctly advising her client of the range of punishment of the offense with which she was charged. Thus, petitioner's claim fails.

Petitioner also argues that trial counsel failed to inform petitioner of her rights and the advantages of a jury trial. Petitioner did not raise this claim in the state court. As such, this claim is defaulted. This claim fails on its merits as well. At the guilty plea hearing, petitioner testified that trial counsel had fully advised her of her legal rights. See Resp. Ex. A at 72. Petitioner testified that she had no complaints regarding trial counsel's representation. See id. at 76. Further, the trial judge fully informed petitioner of her right to a jury trial and the benefits of such, and petitioner indicated that she still wished to plead guilty. See id. at 72-74.

Accordingly, petitioner's second ground for relief will be denied.

**3. Ground Three: Denial of the Right to Confront Witnesses**

In her third ground for relief, petitioner argues that she was denied the right to confront witnesses due to her attorney's

ineffective assistance. As respondent points out, petitioner has defaulted this claim by not presenting it in her post-conviction relief motion. This claim also fails on its merits. The Court finds that trial counsel did not provide ineffective assistance and that petitioner was advised of her right to confront witnesses at the guilty plea hearing.

Accordingly, petitioner's third ground for relief will be denied.

### B. <u>Certificate of Appealability</u>

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Hunter v. Bowersox</u>, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>citing</u> <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994). Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised in her petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. The Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Renee Carrawell for a writ of habeas corpus [# 1] is **denied.**

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2007.